IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CLIFFORD GRIFFIN,

                      Plaintiff,

     v.

P/O BONITA JOHNSON, et al.,

                      Defendants.

CIVIL ACTION
NO. 17-4584

**OPINION**

**Slomsky, J.**                                                            **August 28, 2020**

## I.    INTRODUCTION

Plaintiff Clifford Griffin ("Plaintiff") brings this action against Police Officer Jeffrey Cujdik,[1] Lieutenant Bonita Johnson, Detective Thomas Hood, and Sergeant Francis Lowry (collectively "Defendants"). Presently in this case, the claims remaining against Defendants as alleged in the Complaint are for malicious prosecution under Pennsylvania law (Count Three) and false arrest under 42 U.S.C. § 1983 (Count Five).[2] These claims stem from two criminal charges

---

[1]   In multiple filings, Officer Jeffery Cujdik's last name is misspelled as "Chujdik." (See e.g. Doc. No. 25-1 at 2.)

[2]   In the Amended Complaint, Plaintiff asserted seven claims, six against Defendants and five against the City of Philadelphia, which have been dismissed. The seven claims are: (1) false imprisonment under 42 U.S.C. § 1983 against Defendants and the City of Philadelphia (Count One); (2) a Monell claim under 42 U.S.C. § 1983 against the City of Philadelphia (Count Two); (3) malicious prosecution in violation of Pennsylvania law against Defendants (Count Three); (4) search and seizure without probable cause under 42 U.S.C. § 1983 against Defendants Officer Brady, Officer Cujdik, and Lieutenant Johnson (Count Four); (5) false arrest under 42 U.S.C. § 1983 against Defendants and the City of Philadelphia (Count Five); (6) false imprisonment in violation of Pennsylvania law against Defendants and the City of Philadelphia (Count Six); and (7) civil conspiracy in violation of Pennsylvania law against Defendants and the City of Philadelphia (Count Seven). At his deposition, Plaintiff stipulated to the withdrawal of all claims except for malicious prosecution (Count Three) and false arrest (Count Five). (See Doc. No. 22-5; Plaintiff's Deposition. at 51:5-51:14.)

filed against Plaintiff which were subsequently dismissed.  They are: (1) burglary, in violation of 18 Pa. Stat. § 3502, and (2) failure to comply with sexual offender registration requirements, in violation of 18 Pa. Stat. § 4915.1.

Before the Court is Defendants' [Joint] Motion for Summary Judgment in which they seek dismissal of the two remaining claims.  (Doc. No. 22.)  Plaintiff has filed a Response in Opposition (Doc. No. 25) and Defendant a Reply (Doc. No. 26).  For reasons that follow, Defendants' Motion for Summary Judgment (Doc. No. 22) will be granted in part and denied in part.

## II.    BACKGROUND

This case arises from the arrest of Plaintiff Clifford Griffin at 840 N. 16th Street Philadelphia, Pennsylvania ("840 N. 16th Street") on September 22, 2015.  This residence was apparently owned by his brother, James Griffin.  Prior to September 2015, Plaintiff resided at 2915 W. Oakdale Street, Philadelphia, Pennsylvania 19132 ("Oakdale Street"), his mother's address. (Doc. No. 22-1 at 2.)  For some reason he needed to move from the Oakdale Street residence and discussed this need with his brother, James Griffin ("James").   (Doc. No. 22-5; Plaintiff's Deposition at 20:2-5.)   According to Plaintiff's deposition testimony, James gave Plaintiff permission to move into James' home at 840 N. 16th Street.   At that time, Damien Griffin ("Damien" or "Complainant"), Plaintiff's nephew and James' son, occupied 840 N. 16th Street. (Doc. No. 25.)

In early September 2015, with his brother's permission, Plaintiff moved from Oakdale Street to 840 N. 16th Street.  Damien was still residing there.  (Id.)  According to Plaintiff, who is a registered sex offender, he reported this address as his new residence to the Pennsylvania State Police on September 8, 2015.  (Doc. No. 25-1.)

On September 22, 2015, Philadelphia Police Officers Bonita Johnson ("Johnson") and Jeffrey Cujdik ("Cujdik") received a radio call from Damien.  (Doc. No. 22-1.)  Damien told Officers Johnson and Cujdik that a burglary was in progress at his residence, 840 N. 16th Street. (Id.)  They responded to the call, arrived at the residence at 2:41 a.m., encountered Plaintiff and arrested him for burglary.  (Doc. No. 26-3.)

The Arrest Memo describes the circumstances that led to the arrest as follows:

On 09-22-15 approx 2:44am…P/o J. Cujdik #6688/227788 along with P/O B. Johnson #7258/2.33860 received a radio call in reference to Someone Breaking In @ 840 north 16th Street. Upon arrival I observed a male later identified as compl Damien L Griffin leaning out of the 2nd floor window while pointing towards the 1st floor side door of the property. The compl was whispering that someone was inside his house, at which point the compl dropped a single house key to P/O Cujdik, which was then used to open the locked door. Once the door was opened, the [Plaintiff] was observed standing inside the kitchen. The [Plaintiff] was taken into custody. After the [Plaintiff] was secured P/O Johnson entered the residence and was met by the compl. Who stated that the offender was his dad's brother and he did not live at the residence nor did he have keys, or permission to be inside.

P/O Johnson along with the compl checked the residence for an entry point and observed the 1st floor front window open (unlocked) and the window curtains in disarray.  Located directly in front of the window was a T.V. stand which had scattered mail on top of it and on the floor in front of it. The compl stated that the mail was neatly piled on the T.V. stand and  not scattered on the floor.  Compl also stated that the curtains were neatly closed and not pushed and pulled down. There were no other sign of forced entry and nothing was taken from the residence.

(Doc. No. 26-3.)

According to Plaintiff, when Officer Cujdik entered the residence he found Plaintiff standing in the kitchen using the stove and cooking a hotdog.  (Id.)  Plaintiff told Lieutenant Johnson and Officer Cujdik that he previously resided at his mother's residence on Oakdale Street but recently moved to 840 N. 16th Street and registered this address with the Pennsylvania State Police.  (Doc. No. 25-1.)  Plaintiff alleges that Damien told Officers Cujdik and Johnson that Plaintiff was his uncle and that "[Plaintiff]'s all right, [Plaintiff] lives here." (See Doc. No. 22-5 at

45; Plaintiff's Deposition at 20:2-5.)  Following these events, Plaintiff was arrested and taken to the 9th District for processing.  (Id.)

Later on, Detective Thomas Hood ("Hood") and Sergeant Francis Lowry ("Lowry") investigated the burglary charge against Plaintiff.  According to Plaintiff, both Detective Hood and Sergeant Lowry investigated the matter, gathered the relevant paperwork, reviewed the Incident Report, and approved the filing of the burglary charge.  (Doc. No. 10.)  According to Defendants, however, only Detective Hood gathered the paperwork and prepared the Police Arrest Report ("PARS"), which provides as follows:

> On 9/22/15 at 2:44AM P/O Cujdik #6688 and P/O Johnson #7258 responded to 840 N. 16th Street for a report of burglary in progress. Upon arrival the complainant stated from the 2nd floor window that somebody was in his house.  The complainant dropped the keys to the house [out] of the window to the Officers.  The Officers entered this location and found defendant inside the kitchen area.  The complainant stated the [Plaintiff] is a family member (uncle) but didn't have permission to enter his house, and doesn't live there or have any keys to this house.  The Officer and the complainant noticed a first floor window open and items on a tv stand in disarray at the point of entry.  Nothing was reported missing from inside the location.  The [Plaintiff] was arrested and transported to the 9th Dist.

(Doc. No. 22-6.)

The Incident Report states in pertinent part and is quoted exactly as follows:

> Police arrived on Loc. and met Compl. who was in 2nd floor window and informed police that unknown person(s) inside his res. Compl. dropped house key out window to police and gained entry to kitchen area where offender was located. Compl. stated that offender was not permitted inside, nor did he have keys to property.  Police and Compl. observed 1st floor front window open and…Compl. observed items on TV stand by window in disarray along with window curtains out of place no other signs of forced entry. Nothing taken from residence.

(Doc. No. 26-2.)

The Incident Report also notes Plaintiff's address as "2915 W. Oakdale Street, Philadelphia, PA 19132."  (Id.)

In addition, Damien was interviewed by Officer Cujdik and stated that he was the "legal owner of [the] property." (<u>See</u> Doc. No. 26-1; Ownership and Non-Permission Interview Sheet.) Damien described the damages to the property as the "front window open with curtain and items in front of window in disarray." (<u>Id.</u>)

Following Plaintiff's arrest on September 22, 2015, he was formally charged with burglary. He also was charged with, and arrested by, Officer Daniel J. Brady ("Brady) for failure to comply with registration requirements because he was a sexual offender. (Doc. No. 22.) After Plaintiff's arrest on the two charges, he was incarcerated until May 2017. On August 22, 2017, both charges were dismissed.

In September 2017, Plaintiff filed suit against Lieutenant Johnson, Officer Cujdik, Officer Brady,[3] Detective Hood, and Sergeant Lowry. On October 13, 2017, this case was removed to this Court. (Doc. No. 1.) On April 18, 2018, Plaintiff filed an Amended Complaint.[4]

On November 6, 2019, Defendants filed the instant Motion for Summary Judgment. (Doc. No. 22.) For reasons that follow, Defendants' Motion for Summary Judgment will be granted in part and denied in part.

## III.   STANDARD OF REVIEW

Granting summary judgment is an extraordinary remedy. Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In reaching this decision,

---

[3]   On February 6, 2020, Defendant Officer Daniel J. Brady was terminated as a defendant in this case with the agreement of Plaintiff's counsel.

[4]   In the Amended Complaint, Plaintiff added the City of Philadelphia as a defendant. (Doc. No. 10.) On May 22, 2018, the City of Philadelphia filed an uncontested Motion to Dismiss for Failure to State a Claim. (Doc. No. 11.) On December 10, 2018, the Motion was granted and the City was dismissed from this action. (Doc. No. 13.)

the court must determine whether "the pleadings, depositions, answers to interrogatories, admissions, and affidavits show there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Favata v. Seidel, 511 F. App'x 155, 158 (3d Cir. 2013) (quoting Azur v. Chase Bank, USA, Nat'l Ass'n, 601 F.3d 212, 216 (3d Cir. 2010)). A disputed issue is "genuine" only if there is a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party. Kaucher v. Cty. of Bucks, 455 F.3d 418, 423 (3d Cir. 2006) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). For a fact to be considered "material," it "must have the potential to alter the outcome of the case." Favata, 511 F. App'x at 158. Once the proponent of summary judgment "points to evidence demonstrating no issue of material fact exists, the non-moving party has the duty to set forth specific facts showing that a genuine issue of material fact exists and that a reasonable factfinder could rule in its favor." Id. (quoting Azur, 601 F.3d at 216).

In deciding a motion for summary judgment, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." Id. (alteration in original) (quoting Chambers ex rel. Chambers v. Sch. Dist. of Phila. Bd. of Educ., 587 F.3d 176, 181 (3d Cir. 2009)). The Court's task is not to resolve disputed issues of fact, but to determine whether there exist any factual issues to be tried. Anderson, 477 U.S. at 247-49. Whenever a factual issue arises which cannot be resolved without a credibility determination, at this stage the court must credit the nonmoving party's evidence over that presented by the moving party. Id. at 255. If there is no factual issue, and if only one reasonable conclusion could arise from the record regarding the potential outcome under the governing law, summary judgment must be awarded in favor of the moving party. Id. at 250.

## IV.     ANALYSIS

Defendants argue they are entitled to summary judgment on the malicious prosecution and false arrest claims, which stem from the burglary charge.[5] Defendants assert that they had probable cause to arrest Plaintiff for this offense, and that the probable cause was "based on an eye-witness's allegations, which were sufficient to warrant a reasonable person to believe an offense had been committed by Plaintiff." (Doc. No. 22 at 5.)

Defendants also submit that Plaintiff's claim for malicious prosecution and false arrest arising from the failure to comply with sexual offender registration requirements are without merit because Plaintiff has not adduced any evidence to show that Defendants had any involvement in the arrest for this offense.[6] (Doc. No. 26 at 3.)

In opposition, Plaintiff argues that Defendants' Motion should be denied because genuine disputes over material facts exist as to whether Defendants had probable cause to arrest Plaintiff for the burglary.  (Doc. No. 25-1 at 4-5.)  Plaintiff also claims that since his arrest for failure to

---

[5]   In Pennsylvania, the crime of burglary is defined in 18 Pa. Stat. § 3502.  Section 3502(a)(1) provides, in pertinent part, that a person commits the offense of burglary if, with the intent to commit a crime therein, the person:

*     *     *
> (ii)  enters a building or occupied structure, or separately secured or occupied portion thereof that is adapted for overnight accommodations in which at the time of the offense any person is present.

[6]   In Pennsylvania, the offense of failure to comply with registration requirements by a sexual offender is codified in 18 Pa. Stat. § 4915.1.  Section 4915.1 provides, in pertinent part, that an individual who is subject to registration commits an offense if he knowingly fails to

> (1)  register with the Pennsylvania State Police;

> (2)  verify his address or be photographed; or

> (3)  provide accurate information when registering.

register as a sexual offender stems from the burglary charge, these Defendants are liable for his failure to register arrest too.

The Court will analyze the claims asserted in Counts Three and Five as they relate to each Defendant, viewing the facts in the light most favorable to Plaintiff.

### A.  Claims Against Officer Cujdik and Lieutenant Johnson

#### 1.  Count Three:  Malicious Prosecution Claim Under State Law

In Count Three of the Amended Complaint, Plaintiff alleges a malicious prosecution claim under state law against Defendants for initiating criminal proceedings against him for burglary.[7] In Pennsylvania, a malicious prosecution claim requires a plaintiff to prove that (1) the defendant instituted a criminal proceeding; (2) the criminal proceeding ended in his favor; (3) the defendant instituted the proceeding without probable cause; and (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice.  See Summers v. Freeman, 2013 WL 6409309, at *2 (E.D. Pa. Dec. 6, 2013); see also Kossler v. Crisanti, 564 F.3d 181 (3d Cir. 2009).

---

[7]  In Count Three, Plaintiff also alleges a claim of malicious prosecution against Officer Cujdik and Lieutenant Johnson for somehow participating in his arrest for failure to comply with sexual offender registration requirements.  (Doc. No. 10.)  As noted supra, Plaintiff was charged with and arrested for the failure to comply with the registration requirements by Officer Daniel Brady.  Lieutenant Johnson and Officer Cujdik were not involved in this arrest and their Declarations make clear that they only arrested Plaintiff for burglary.  (See Doc. Nos. 22-4, 27.)  There is no evidence that the decision to charge Plaintiff with failure to register was based on information provided by Officer Cujdik and Lieutenant Johnson.  Plaintiff merely argues that as a result of his arrest for burglary, Plaintiff was also charged with failure to comply with the sexual offender registration requirements.  (Doc. No. 25-1 at 4.)  No connection between these two charges has been established by Plaintiff.  Thus, the Motion for Summary Judgment filed by Officer Cujdik and Lieutenant Johnson with respect to Plaintiff's malicious prosecution claim based on his arrest for failure to comply with the registration requirements will be granted.

In the instant Motion, Defendants argue that even when viewing the evidence in the light most favorable to Plaintiff, he has not established, and cannot establish, the first, third, and fourth elements of the malicious prosecution claim.[8]

### a. Institution of Criminal Proceedings

First, Defendants argue that Plaintiff's claim for malicious prosecution fails because there is no evidence that Lieutenant Johnson and Officer Cujdik instituted the criminal proceedings brought against him.  They rely on the notion that a District Attorney initiates criminal proceedings, not the police.  But "although prosecutors rather than police officers are generally responsible for initiating criminal proceedings, an officer may, however, be considered to have initiated a criminal proceeding if he or she knowingly provided false information to the prosecutor or otherwise interfered with the prosecutor's informed discretion."  Henderson v. City of Philadelphia, 853 F. Supp. 2d 514, 518 (E.D. Pa. 2012).  A malicious prosecution claim "might be maintained against one who furnished false information to, or concealed information from, prosecuting authorities."  Id. at 519; see also Gallo v. City of Phila., 161 F.3d 217, 220 n. 2 (3d Cir. 1998), as amended (Dec. 7, 1998).

Here, Plaintiff argues that Officer Cujdik and Lieutenant Johnson participated in initiating the criminal proceedings against Plaintiff.  (Doc. No. 10 at 16.)  The record shows that Officer Cujdik and Lieutenant Johnson arrested Plaintiff for burglary.  They even filed the Incident Report against Plaintiff.  (See Doc. Nos. 10, 26-2.)  In this Report, they state that Damien claimed that Plaintiff broke into 840 N. 16th Street and was not permitted inside, nor did he have keys to the property.  (Doc. No. 26-2.)

---

[8]  Defendants do not dispute the second element because the criminal proceedings against Plaintiff were dismissed.  Thus, the criminal proceedings were terminated in Plaintiff's favor.

But when viewing Plaintiff's evidence as truthful, he has produced sufficient evidence to show that the Officer Cujdik and Lieutenant Johnson initiated the proceedings by knowingly providing false information to the prosecutor or otherwise interfering with the prosecutor's informed discretion.   Plaintiff did so through his own testimony and by noting omissions in the Incident Report.   Noticeably absent from the Report is the fact that Plaintiff told Johnson and Cujdik that he lived at 840 N. 16th Street and had recently moved there from Oakdale Street. Further, the Report does not state that Plaintiff told them that his brother James, Damien's father, gave him permission to reside at the residence.   Nor does the Report mention that Plaintiff told them that he registered his new address with the Pennsylvania State Police or that Damien acknowledged that Plaintiff was his uncle and said that he lived at the residence.

Based on these allegations, and viewing the facts in the light most favorable to Plaintiff, genuine disputes of material fact exist on whether Lieutenant Johnson and Officer Cujdik had an active role in instituting the criminal proceedings.   The facts here at the summary judgment stage raise a clear inference, if not show, that false information was submitted by them to the prosecutor and that other pertinent information was concealed.

### b.  Probable Cause

Second, Defendants argue that Plaintiff's claim for malicious prosecution fails because Lieutenant Johnson and Officer Cujdik had probable cause to arrest Plaintiff based on Damien Griffin's information.   Federal courts have held that the existence of probable cause in a malicious prosecution claim is generally a jury question.   Bristow v. Clevenger, 80 F. Supp. 2d 421, 434 (M.D. Pa. 2000) (quoting Gatter v. Zappile, 67 F.Supp.2d 515, 519.)   When the probable cause determination depends upon disputed issues of fact, the court should submit the factual disputes to the jury.   See Bristow, 80 F. Supp. 2d 421 at 434.   The existence of probable cause, however,

would defeat any claim for malicious prosecution because the third element would not be met. Teeple v. Carabba, No. 07–2976, 2009 WL 5033964, *32 (E.D. Pa. Dec. 22, 2009). In deciding whether probable cause existed at the time of an arrest, a court must decide whether the objective facts available at the time of the arrest were sufficient to justify a reasonable belief that there was probable cause for the arrest. Summers, 2013 WL 6409309, at *2.

In this case, there are questions of fact as to whether Officer Cujdik and Lieutenant Johnson had probable cause to arrest Plaintiff for burglary. To recap, Plaintiff asserts that when Officer Cujdik and Lieutenant Johnson arrived at the residence, Plaintiff was standing in the kitchen using the stove and cooking a hotdog. (Id.) Plaintiff told the Officers that he lived at 840 N. 16th Street and was given permission to do so by his brother James. He also told them that he registered this address as his residence with the Pennsylvania State Police. In addition, Plaintiff's nephew, Damien, reportedly told the police officers that Plaintiff was his uncle and "he lives there." (Doc. No. 22-5; Plaintiff's Deposition at 20:2-5). Based on these facts, Plaintiff argues that Officer Cujdik and Lieutenant Johnson could not reasonably believe that Plaintiff unlawfully entered the residence or committed a burglary, and they lacked probable cause to arrest him.

Lieutenant Johnson and Officer Cujdik argue, however, that they had probable cause to arrest Plaintiff because they reasonably believed that Plaintiff unlawfully entered the residence. (Doc. No. 22 at 8.) They allege that the complainant, Damien Griffin, told them that Plaintiff was his uncle, but he did not have permission to enter the house, did not live there, and did not have keys to the house. Id. Moreover, Johnson and Cujdik were informed by Damien Griffin that a first-floor front window was open, the curtains were in disarray, and items on a TV stand were scattered on the floor. They observed these things themselves.

11

Giving Plaintiff the benefit of all favorable inferences from the evidence produced, a genuine dispute of material fact exists regarding whether Defendants had probable cause to initiate proceedings against Plaintiff for burglary.  This remains a question for the jury.

### c.    Malicious Intent

Third, Defendants argue that Plaintiff has not adduced any evidence that Officers Cujdik and Lieutenant Johnson instituted criminal proceedings against Plaintiff for any purpose other than bringing Plaintiff to justice, or that they were motivated by malice.  Pennsylvania courts have held that malice may be inferred from the absence of probable cause.  See Kelley v. General Teamsters, Chauffeurs, and Helpers, Local Union, 518 Pa. 517, 544 A.2d 940, 941 (1988);  see also Bristow v. Clevenger, 80 F. Supp. 2d 421, 435 (M.D. Pa. 2000).

Here, Plaintiff has shown at the summary judgment stage that Defendants acted maliciously or for a purpose other than bringing Plaintiff to justice.  As noted, Officer Cujdik and Lieutenant Johnson continued to pursue criminal charges against Plaintiff, even though he told them that he lived at that residence with the permission of his brother and that Damien informed them that Plaintiff was his uncle and  lived there.  Moreover, nothing was taken from the residence.  Plaintiff also registered 840 N. 16th Street as his home address at the Pennsylvania police barracks on September 8, 2015.  This was two weeks before his arrest at 840 N. 16th Street.

Based on these facts, there is sufficient evidence to establish that Officer Cujdik and Lieutenant Johnson knew or should have known that Plaintiff did not unlawfully enter the residence, and yet they continued to initiate the criminal proceedings against him.  Thus, at the summary judgment stage, even though Defendants challenge this claim, Plaintiff has set forth sufficient evidence that disputes whether Defendants had probable cause when they initiated the criminal proceeding.  Thus, malice could be inferred from the absence of probable cause.  This

absence also supports the notion that Defendants acted for a purpose other than to bring Plaintiff to justice.

For all of these reasons, the Motion for Summary Judgment filed by Defendants Officer Cujdik and Lieutenant Johnson with respect to the malicious prosecution claim based on the arrest for burglary will be denied.

### 2.   Count Five:  False Arrest Under 42 U.S.C. § 1983

In Count Five of the Amended Complaint, Plaintiff alleges a claim for false arrest against Cujdik and Johnson under 42 U.S.C. § 1983 based on the arrest for the burglary.[9]  (Doc. No. 10.) In order to bring a § 1983 claim, a plaintiff "must show that the defendants (1) were state actors who (2) violated his rights under the Constitution or federal law." Benn v. Universal Health Sys., Inc., 371 F.3d 165, 169-70 (3d Cir. 2004); see Hammond v. City of Wilkes-Barre, 600 F. App'x 833, 837 (3d Cir. 2015).  Municipal officials, including police personnel, are state actors who may be personally liable if they "participated in violating the [Plaintiff's] rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in [their] subordinates'

---

[9]    In Count Five, Plaintiff also alleges a claim of false arrest against Lieutenant Johnson and Officer Cujdik for somehow participating in his arrest for failure to comply with sexual offender registration requirements.  (Doc. No. 10.)  As discussed supra, Plaintiff was charged with and arrested for failure to comply with the registration requirements by Officer Daniel Brady.  (Doc. No. 22.)  Lieutenant Johnson and Officer Cujdik were not involved in this arrest and their Declarations make clear that they only arrested Plaintiff for burglary.  (See Doc. Nos. 22-4, 27.)  There is no evidence that the decision to charge Plaintiff for failure to register was based on information provided by Officer Cujdik and Lieutenant Johnson.  Plaintiff merely argues that as a result of his arrest for burglary, Plaintiff was also charged with failure to comply with the sexual offender registration requirements.  (Doc. No. 25-1 at 4.)  No connection between the two charges has been established by Plaintiff.  Thus, the Motion for Summary Judgment filed by Officer Cujdik and Lieutenant Johnson with respect to Plaintiff's malicious prosecution claim based on his arrest for failure to comply with the registration requirements will be granted.

violations." <u>Santiago v. Warminster Twp.</u>, 629 F.3d 121, 129 (3d Cir. 2010) (internal quotation marks omitted); <u>see</u> <u>Hammond</u>, 600 F. App'x 833 at 837.

A claim for false arrest under § 1983 is rooted in the Fourth Amendment prohibition against unreasonable seizure. <u>See</u> U.S. Const. Amend. IV.  To succeed on a false arrest claim under § 1983, a plaintiff must demonstrate that the officer lacked probable cause for the arrest.  <u>Groman v. Twp. of Manalapan</u>, 47 F.3d 628, 634 (3d Cir. 1995). "[P]robable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." <u>Frazier v. City of Philadelphia</u>, No. 18-827, 2018 WL 1093314, at *1 (E.D. Pa. Feb. 28, 2018) (quoting <u>Orsatti v. N.J. State Police</u>, 71 F.3d 480, 482 (3d Cir. 1995)).  In determining whether probable cause existed for an arrest, a district court applies an objective standard based on "the facts available to the officers at the moment of the arrest." <u>Barna v. City of Perth Amboy</u>, 42 F.3d 809, 820 (3d Cir. 1994) (quoting <u>Beck v. Ohio</u>, 379 U.S. 89, 96 (1964)). Generally, as noted earlier, the existence of probable cause is a question of fact for the jury. <u>Montgomery v. De Simone</u>, 159 F.3d 120 (3d Cir. 1998).

Similar to the dispute regarding probable cause in the malicious prosecution claim, there are genuine disputes of material fact regarding the § 1983 false arrest claim as to whether Officer Cujdik and Lieutenant Johnson had probable cause to arrest Plaintiff for burglary.  Plaintiff argues that Officer Cujdik and Lieutenant Johnson lacked probable cause to arrest Plaintiff for burglary because they knew or should have known that he lived at 840 N. 16th Street.  Again, Plaintiff testified at his deposition that when Officers Cujdik and Lieutenant Johnson entered 840 N. 16th Street, he was standing in the kitchen using the stove and cooking a hotdog.  Plaintiff told the Officers that he lived at 840 N. 16th Street and explained that he registered this address with the

14

Pennsylvania State Police.   Moreover, according to Plaintiff, complainant Damien Griffin acknowledged that Plaintiff was his uncle and told Johnson and Cujdik that "[Plaintiff]'s all right, [Plaintiff] lives here." (See Doc. No. 22-5 at 45; Plaintiff's Deposition at 20:2-5.)

In stark contrast, Lieutenant Johnson and Officer Cujdik allege that Damien Griffin told them that Plaintiff was his uncle, but he did not have permission to enter the house, did not live there, and did not have keys to the house.  (Doc. No. 22 at 8.)

Based on the conflicting accounts surrounding Plaintiff's arrest, a genuine dispute of material fact exists regarding whether Officers Cujdik and Lieutenant Johnson had probable cause to arrest Plaintiff for the burglary.  For this reason, their Motion for Summary Judgment on the false arrest claim will be denied.

### B.   Claims Against Detective Hood

#### 1.   Count Three:  Malicious Prosecution Claim Under State Law

In Count Three of the Amended Complaint, Plaintiff alleges a malicious prosecution claim against Detective Hood based on his arrest for burglary.[10]   As noted, in Pennsylvania, a malicious prosecution claim requires a plaintiff to prove that (1) the defendant instituted a criminal proceeding; (2) the criminal proceeding ended in his favor; (3) the defendant instituted the

---

[10]   In Count Three, Plaintiff also alleges against Detective Hood a malicious prosecution claim based on his failure to comply with sexual offender registration requirements.  (Doc. No. 10.) Similar to the claim asserted against Officer Cujdik and Lieutenant Johnson, Plaintiff has failed to produce any evidence to establish that Detective Hood was involved in his arrest for failure to comply with the sexual offender registration requirements.  Further, Detective Hood's Declaration states that he only approved the arrest for burglary.  (See Doc. No. 22-2.)  Plaintiff merely argues that as a result of his arrest for burglary, Plaintiff was also charged with failure to comply with the sexual offender registration requirements.  (Doc. No. 25-1 at 4.)  No connection between the two charges has been established by Plaintiff.  Thus, the Motion for Summary Judgment filed by Detective Hood with respect to Plaintiff's malicious prosecution claim based on his arrest for failure to comply with the registration requirements will be granted.

proceeding without probable cause; and (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice.  See Summers, 2013 WL 6409309, at *2; see also Kossler, 564 F.3d 181 at 186.  The existence of probable cause would defeat any federal or state claim for malicious prosecution because the third element would not be met.  Teeple v. Carabba, No. 07–2976, 2009 WL 5033964, *32 (E.D. Pa. Dec. 22, 2009).

Here, regarding the third element of a malicious prosecution claim, Plaintiff has not shown that Detective Hood lacked probable cause when he authorized the arrest warrant for the burglary. Detective Hood was not at the residence where Plaintiff was arrested and only acted based upon the information provided to him by Lieutenant Johnson and Officer Cujdik.  Detective Hood only reviewed the paperwork.  As he explained in a Declaration, he "received the police paperwork from the arresting officers, including the signed interview of Damien Griffin, which stated that [Plaintiff] entered his house without permission."  (Doc. No. 22-2.)  All the paperwork he reviewed, including the arrest memo, the PARs report, and Incident Report, shows that there was probable cause to arrest Plaintiff.  Plaintiff's only evidence to the contrary are his statements to Officer Cujdik and Lieutenant Johnson, but Hood was not privy to this information when he authorized the arrest warrant for the burglary.

Thus, there is no genuine dispute of material fact established by Plaintiff on whether Detective Hood had probable cause to authorize his arrest.  He did.  As such, there is no need to discuss the other elements of malicious prosecution.  Summary judgment therefore will be granted on the malicious prosecution claim against Hood.

## 2.   Count Five:  False Arrest Under 42 U.S.C. § 1983

In Count Five of the Amended Complaint, Plaintiff alleges a claim of false arrest against Detective Hood under 42 U.S.C. § 1983 for the burglary arrest.[11]  (Doc. No. 10.)  A claim of false arrest under § 1983 is rooted in the Fourth Amendment prohibition against unreasonable seizure.  See U.S. Const. Amend. IV.  To succeed on a false arrest claim under § 1983, a plaintiff must demonstrate that the officer lacked probable cause for the arrest.  Groman v. Twp. of Manalapan, 47 F.3d 628, 634 (3d Cir. 1995).

Here, Plaintiff has not raised a genuine issue of material fact whether Detective Hood lacked probable cause when he authorized the arrest warrant.  As explained above, in his Declaration, Detective Hood "received the police paperwork from the arresting officers, including the signed interview of Damien Griffin, which stated that [Plaintiff] entered his house without permission."  (Doc. No. 22-2.) Detective Hood had no involvement in the physical arrest of Plaintiff.  He acted based on the information provided to him which showed that there was probable cause to arrest Plaintiff for the burglary.  Accordingly, Plaintiff's claim of false arrest against Detective Hood fails and the Motion for Summary Judgment on this claim will be granted.

---

[11]   Once again, in Count Five, Plaintiff also alleges a claim of false arrest against Detective Hood based on his failure to comply with sexual offender registration requirements.  (Doc. No. 10.) As noted previously, Plaintiff has failed to produce any evidence to establish that Detective Hood was involved in his arrest for failure to comply with the sexual offender registration requirements.  Further, Detective Hood's Declaration makes it clear that he only approved the arrest for burglary.  (See Doc. No. 22-2.)  Plaintiff merely argues that as a result of his arrest for burglary, Plaintiff was also charged with failure to comply with the sexual offender registration requirements.  (Doc. No. 25-1 at 4.)  No connection between the two charges has been established by Plaintiff.  Thus, the Motion for Summary Judgment filed by Detective Hood with respect to Plaintiff's malicious prosecution claim based on his arrest for failure to comply with the registration requirements will be granted.

### C.  Claims Against Sergeant Lowry

#### 1.  Counts Three and Five:  Malicious Prosecution Claim Under State Law and False Arrest Claim Under 42 U.S.C. § 1983

In the Amended Complaint, Sergeant Lowry is named as a defendant in the same two Counts as the other Defendants: (1) a malicious prosecution claim under Pennsylvania state law (Count Three); and (2) a false arrest claim under 42 U.S.C. § 1983 (Count Five).[12]

Under both claims, there is no evidence that Sergeant Lowry participated in the arrest or the initiation of charges against Plaintiff.  In his Declaration, Sergeant Lowry states that he "do[es] not recall having any involvement with the arrest or prosecution of [Plaintiff]."  (Doc. No. 22-3.) There is no evidence in the PARS report, Arrest Memo, or Incident Report that shows that Sergeant Lowry had any involvement in Plaintiff's arrest.  Plaintiff merely states that his burglary arrest and charge was "approved by and investigated by" Sergeant Lowry and that he was "completely aware, or should have been aware that Plaintiff was present at his proper address and a lawful occupant." (Id.)  However, Plaintiff has not provided any facts to support this conclusory statement.  At the summary judgment stage, "conclusory, self-serving affidavits are insufficient to withstand a

---

[12]  Similar to the allegations against the other officers, Plaintiff also alleges against Sergeant Lowry claims of malicious prosecution and false arrest for somehow participating in his arrest for failure to comply with sexual offender registration requirements.  (Doc. No. 10.)  As noted above, Plaintiff was charged with and arrested for failure to comply with the registration requirements by Officer Daniel Brady.  (Doc. No. 22.)  Sergeant Lowry was not involved in this arrest or the burglary arrest as his Declaration makes clear.  (See Doc. No. 22-3.)  There is no evidence that the decision to charge or arrest Plaintiff for failure to register was based on information provided by Sergeant Lowry.  Plaintiff merely argues that as a result of his arrest for burglary, Plaintiff was also charged with failure to comply with the sexual offender registration requirements.  (Doc. No. 25-1 at 4.)  No connection between the two charges has been established by Plaintiff.  Thus, the Motion for Summary Judgment filed by Sergeant Lowry with respect to Plaintiff's malicious prosecution and false arrest claims based on his arrest for failure to comply with the registration requirements will be granted.

motion for summary judgment; instead, the affiant must set forth specific facts that reveal a genuine issue of material fact." <u>See</u> <u>Paladino v. Newsome</u>, 885 F.3d 203, 208 (3d Cir. 2018); <u>see also</u> <u>Kirleis v. Dickie, McCamey & Chilcote, P.C.</u>, 560 F.3d 156, 161 (3d Cir. 2009).

For these reasons, Defendant Sergeant Lowry's Motion for Summary Judgment on the malicious prosecution claim (Count Three) and the false arrest claim (Count Five) will be granted.

## V.    CONCLUSION

For the foregoing reasons, the Motion for Summary Judgment filed by Defendants' Officer Cujdik and Lieutenant Johnson (Doc. No. 22) will be granted in part and denied in part.  The claims against them in Counts Three and Five stemming from the burglary charge will remain in this case. These same claims based on the arrest for failure to register as a sex offender will be dismissed. Moreover, the Motion for Summary Judgment filed by Defendants Detective Hood and Sergeant Lowry with respect to Plaintiff's malicious prosecution and false arrest claims based on his arrest for burglary and on his arrest for failure to comply with the registration requirements will be granted.  An appropriate Order follows.